1  MORGAN, LEWIS & BOCKIUS LLP
   KATHY H. GAO, State Bar No. 259019
2  kgao@morganlewis.com
   300 South Grand Avenue
3  Twenty -Second Floor
   Los Angeles, CA  90071-3132
4  Tel:     213.612.2500
   Fax:    213.612.2501
5
   Attorneys for Defendant
6  P.F. CHANG'S CHINA BISTRO, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  RAFAEL ARROYO, JR. on behalf of himself and all others similarly situated, | Case No. 2:16-cv-02744 |
| 11 | [L.A. Sup. Ct. Case No. BC613340] |
| 12          Plaintiff, | **NOTICE OF REMOVAL OF DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.** |
| 13          vs. | |
| 14  P.F. CHANG'S CHINA BISTRO, INC. d/b/a P.F. CHANG'S | [28 U.S.C. **§§** 1332, 1441, and 1446] |
| 15 | |
| 16          Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF RAFAEL ARROYO, JR. AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant P.F. Chang's China Bistro, Inc. ("P.F. Chang's" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Removal is based on the following grounds:

## PROCEDURAL BACKGROUND

1. On March 10, 2016, plaintiff Rafael Arroyo, Jr. ("Plaintiff") filed a complaint against Defendant in the Los Angeles County Superior Court, Case No. BC613340 alleging the following causes of action: (1) violation of the Unruh Act, California Civil Code § 51, *et seq.*; and (2) violation of the California Disabled Persons Act, California Civil Code § 54.1, *et seq.* (the "Complaint").

2. On March 24, 2016, Plaintiff personally served Defendant with the summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and ADR information. Attached hereto as **"Exhibit A"** is a true and correct copy of Plaintiff's service.

3. On April 19, 2016, Defendant filed and served its Answer to Plaintiff's Complaint ("Answer) in the Los Angeles County Superior Court. Attached hereto as **"Exhibit B"** is a true and correct copy of Defendant's Answer.

4. Exhibits A and B constitute all process, pleadings, and orders that have been filed in this action.

## TIMELINESS

5. This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b) because it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." No previous Notice of Removal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

has been filed or made with this Court for the relief sought.

## DIVERSITY JURISDICTION

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332(a) because this action is one which may be removed by Defendant pursuant to 28 U.S.C. section 1441.  This is a civil action that is between citizens of different states and where Plaintiff appears more than likely to claim an amount in controversy that exceeds $75,000 exclusive of interest and costs.

### *Complete Diversity of Citizenship Exists*

7.      Complete diversity of citizenship exists under 28 U.S.C. section 1332 between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.  Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

8.      Plaintiff alleges that he "is a citizen of California…" (Compl., ¶ 10.)

9.      For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…in practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10.      Defendant is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware.  (Declaration of Sonia Aguillon Urrutia ("Aguillon Decl."), ¶ 2.)  Defendant's principal place of business and nerve center is

1  in Scottsdale, Arizona where, at its headquarters, the "corporation's officers direct,

2  control, and coordinate the corporation's activities." *See Hertz*, 130 S. Ct. at 1192.

3  (Aguillon Decl., ¶ 2.)  Accordingly, Defendant is a citizen of Arizona for the

4  purposes of determining diversity.  28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at

5  1192.

6       11.    Thus, complete diversity of citizenship exists.  The removal of this

7  civil action is therefore proper under 28 U.S.C. § 1441(a) and (b) because this is a

8  civil action brought in state court over which the district courts of the United States

9  have original jurisdiction, and this District Court embraces the place in which the

10  state action is pending.

11  ***The Amount-in-Controversy Requirement Is Satisfied***

12       12.    Removal is proper if, from the allegations of the Complaint and the

13  Notice of Removal, it is more likely than not that the amount in controversy exceeds

14  $75,000.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (9th Cir. 1999); *Sanchez*

15  *v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

16       13.    In determining whether the jurisdictional minimum is met, courts

17  consider all recoverable damages, including statutory penalties and attorneys' fees.

18  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977)

19  (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927,

20  945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir.

21  1998).

22       14.    Plaintiff does not specifically quantify his damages in the Complaint.

23  While Defendant denies any liability as to Plaintiff, the amount in controversy is

24  determined based on Plaintiff's allegations in the complaint.[1]  Plaintiff's allegations

25

26      [1]   *See Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D. Cal.
2008) ("[i]n measuring the amount in controversy, a court must assume that the

27  allegations of the complaint are true and that a jury will return a verdict for the
plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is
put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually*

28  owe.").

1    demonstrate that the amount in controversy exceeds $75,000.

2        15.    Plaintiff alleges that Defendant failed to provide Plaintiff accessible

3    facilities at each of 20 restaurants in California.  (Compl., ¶¶ 34(1)-(20).)  Plaintiff

4    seeks an award of "minimum statutory damages" (Compl., Prayer for Relief, ¶ G)

5    which are no less than $4,000 for "each and every offense."  *See* Cal. Civ. Code

6    § 52(a).  Thus, the minimum statutory damages that Plaintiff seeks total $80,000 (20

7    restaurants x $4,000 each).

8        16.    Plaintiff also seeks to recover attorneys' fees in an amount to be

9    determined at trial.  (*See* Compl., Prayer for Relief, ¶ H.)  Courts have held that an

10   award of attorneys' fees, if such fees are authorized, may be considered for purposes

11   of calculating the amount in controversy.  *Galt G/S v. JSS Scandinavia,* 142 F.3d

12   1150, 1155-56 (9th Cir. 1998).  The Ninth Circuit has held that a "prevailing ADA

13   plaintiff may recover reasonable attorneys' fees."  *Doran v. Del Taco, Inc.*, 237 Fed.

14   Appx. 148, 149 (9th Cir. 2007).  Thus, the amount of attorneys' fees incurred by

15   Plaintiff in connection with prosecuting the instant action would increase the above

16   figure even more, and certainly in excess of the jurisdictional threshold of this Court.

17   **<u>SATISFACTION OF THE OTHER PREREQUISITES FOR REMOVAL</u>**

18       17.    Defendant is the only named defendant in this action, so there are no

19   other parties who need to join this removal.

20       18.    Venue is proper in this district, pursuant to 28 U.S.C. section 1441(a),

21   because the U.S. District Court for the Central District of California, Western

22   Division, is the judicial district and division embracing the place where the state

23   court case is pending.

24       19.    Defendant will promptly serve this Notice of Removal on Plaintiff and

25   will promptly file a copy of this Notice of Removal with the clerk of the Superior

26   Court of the State of California, for the County of Los Angeles, as required under 28

27   U.S.C. § 1446(d).

28       20.    If any question arises as to the propriety of the removal of this action,

1   Defendant requests the opportunity to present a brief and oral argument in support of

2   its position that this case was properly removed.

3        **NOW THEREFORE,** Defendant respectfully requests that this action be

4   removed from the Superior Court of the State of California, for the County of Los

5   Angeles, to the United States District Court for the Central District of California,

6   and that all proceedings hereinafter in this matter take place in the United States

7   District Court for the Central District of California.

8    Dated:  April 21, 2016                MORGAN, LEWIS & BOCKIUS LLP

9

10                                    By ____*/s/ Kathy H. Gao*_____
                                         KATHY H. GAO
11                                        Attorneys for Defendant
                                         P.F. CHANG'S CHINA BISTRO, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28